873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MICRO MOTION INCORPORATED, Plaintiff-Appellee,
v.
KANE STEEL CO., INC., Appellant.
 Nos. 89-1117, 89-1133.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1988.
 
 Before BISSELL, Circuit Judge.
 
 ORDER
 
 1
 Micro Motion, Incorporated (Micro) moves to dismiss or, in the alternative, for an expedited briefing schedule. Kane Steel Co., Inc. (Kane) opposes the motions. Exac Corporation (Exac) submits an opposition to the motion to expedite.[1]
 
 
 2
 Micro sued Exac for patent infringement in the United States District Court for the Northern District of California. Micro sought to obtain discovery from a nonparty, Kane, in the United States District Court for the District of New Jersey. On September 30, 1988, the New Jersey court denied Kane's motion to quash except for one category of information. Within 10 business days, Micro filed a motion for "reargument." Kane noticed an appeal from the district court's order before the district court ruled on Micro's motion. Micro subsequently noticed a "protective" cross-appeal.
 
 
 3
 Here, Micro contends that its motion for "reargument" is a post-judgment motion that negates the notices of appeal for purposes of Fed.R.App.P. 4(a)(4). We agree. See Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir.1986) (motion characterized as a motion for reconsideration is the functional equivalent of a Fed.R.Civ.P. 59(e) motion to alter or amend and tolls the time for filing a notice of appeal under Fed.R.App.P. 4(a)(4)). Accordingly, the appeals were filed prematurely and must be dismissed.[2]
 
 
 4
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 5
 (1) Micro's motion to dismiss is granted.
 
 
 6
 (2) Micro's alternative motion to expedite is moot.
 
 
 
 [1]
 It appears that Exac was not a party in the New Jersey proceeding. Accordingly, it is not a party here and its submission is not accepted for filing
 
 
 [2]
 We have been informed that the district court ruled on Micro's motion on December 1, 1988. Accordingly, if the parties desire, the time is ripe for filing a new appeal and cross-appeal. Fed.R.App.P. 4(a)(4) provides: "A new notice of appeal must be filed within the prescribed time from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing."